# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2022

Lyle W. Cayce
Clerk

No. 21-60172
Summary Calendar

Victorine A. Anyambu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 536 814

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Victorine A. Anyambu, a native and citizen of Cameroon, entered the United States without authorization and claimed a fear of returning to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Cameroon due to her imputed separatist political opinion and membership in a particular social group defined as "Anglophone Cameroonian." The immigration judge (IJ) denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) after determining that she failed to provide reasonably available corroborating evidence and failed to establish her eligibility for relief. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed her appeal.

We review only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). The BIA's determinations regarding the availability of corroborating evidence are factual findings reviewed for substantial evidence. *Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011). Under substantial evidence review, we will not reverse unless the petitioner demonstrates "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's determination that Anyambu failed to provide evidence that corroborated her testimony and that such evidence was reasonably available. *See Orellana-Monson*, 685 F.3d at 518. The BIA explained that the written witness statements submitted by Anyambu were entitled to diminished evidentiary weight because they were formulaic and lacked detail and observed that Anyambu failed to provide any evidence corroborating her alleged injuries. The lack of corroboration was enough, standing alone, to support the BIA's decision that she was not eligible for relief. *See Yang*, 664 F.3d at 587.

No. 21-60172

Anyambu also challenges the denial of her CAT claim by arguing that the BIA failed to consider country condition reports regarding abuses by the Cameroonian government against Anglophones, but the BIA and the IJ did in fact consider the reports yet found that the record evidence failed to establish her eligibility for CAT relief. Substantial evidence supports that finding. *See Orellana-Monson*, 685 F.3d at 518.

Accordingly, the petition for review is DENIED.